UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS S. PIGGEE, | Case No. 1:25-cv-02050-EPG (PC) |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| v. | (ECF No. 7) |
| TAYLOR, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff filed his initial complaint on December 29, 2025, which alleges that, while a pretrial detainee, certain prison officials refused him medical care, discontinued his medication under the Medicated Assisted Treatment Program, and denied him access to the law library. (ECF No. 1).

On March 9, 2026, Plaintiff filed a motion to amend his complaint "in order to address additional violations of his constitutional rights" and to add defendants "whose names are not listed in the first complaint."  (ECF No. 7).

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several limitations.

1

Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

Here, the case is in its early stages. The Court has not yet screened the initial complaint, and thus, no service has been authorized to defendants. There is no indication that Plaintiff filed his motion in bad faith or that an amended complaint would cause undue delay.

Accordingly, the Court grants Plaintiff's motion to amend his complaint. If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law with the required specificity. Plaintiff should note that, although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" and refer to the appropriate case number. Additionally, the amended complaint shall not be more than twenty-five pages long. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course.

Accordingly, IT IS ORDERED that:

1. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 7) is GRANTED;

2. Plaintiff has **until April 13, 2026** to file his amended complaint.

3. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form.

4. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:25-cv-02050-EPG;

\\\

\\\

2

5. If Plaintiff does not file an amended complaint by April 13, 2026, the Court will proceed to screen his initial complaint (ECF No. 1) in due course.

IT IS SO ORDERED.

Dated:    **March 12, 2026**                    /s/ _Erica P. Grosjean_
                                                UNITED STATES MAGISTRATE JUDGE

3