UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DOUGLAS S. PIGGEE,

Plaintiff,

v.

TAYLOR, et al.,

Defendants.

Case No. 1:25-cv-02050-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF No. 12)

THIRTY (30) DAY DEADLINE

ORDER TO ASSIGN A DISTRICT JUDGE

Plaintiff Douglas S. Piggee is a federal pretrial detainee and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 6). Plaintiff's First Amended Complaint,[1] filed May 15, 2026, alleges numerous and varied constitutional claims from his time as a pretrial detainee at Federal Correctional Institute ("FCI") Mendota in Mendota, California, including inadequate medical care, lack of due process, denial of outside recreation, denial of access to the courts, and violation of his right to Equal Protection. (ECF No. 11).

On July 13, 2026, the Court screened the First Amended Complaint and concluded that

[1] Plaintiff filed his initial complaint on December 29, 2025. (ECF No. 1). On March 9, 2026, Plaintiff filed a motion to amend his complaint "in order to address additional violations of his constitutional rights" and to add defendants "whose names are not listed in the first complaint." (ECF No. 7). The Court had not yet screened the initial complaint and granted the motion. (ECF No. 8).

Plaintiff failed to state any claims and failed to comply with Federal Rules of Civil Procedure 8, 18 and 20. (ECF No. 12). The Court gave Plaintiff thirty days to file a second amended complaint or to notify the Court that he wanted to stand on his First Amended Complaint. (*Id.* at 9). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 10).

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff is a pretrial detainee at Federal Correctional Institute ("FCI") Mendota in Mendota, California. (ECF No. 11 at 4). In his First Amended Complaint, Plaintiff appears to name ten defendants who are presumably employees at FCI Mendota, including Defendants Taylor, Catatory, Gomez, Saragosa, Garcia, DeWoody, Appleton, Palomarez, Ramsey, and Montoya.[2] (*Id.* at 1-4).

Plaintiff asserts various claims in his amended complaint, including delay of medical care, violation of due process, denial of outside recreation, denial of access to the courts, and violation of his right to Equal Protection. These claims concern several different events and interactions with different employees at FCI Mendota over a nine-month period.

---

[2] Plaintiff does not include a section in his amended complaint that identifies the name, position, and employer of each defendant. Instead, in the body of his amended complaint, he refers to some named individuals as "defendant." (ECF No. 11 at 1-2).

For example, Plaintiff alleges that, on August 3, 2025, Plaintiff "suffered a severe injury that resulted in the loss of approximately 65-70% of the skin on the outer layer of his testicles." (*Id.* at 1). Plaintiff alleges "medical staff member Ramsey" gave him antibiotic ointment several hours later without assessing the severity of the injury or providing pain medication because she believed he was "mad because she had arbitrarily taken [him] off [his] suboxone." (*Id.* (internal quotation marks omitted)). Plaintiff was not seen by a doctor for nine days. (*Id.*).[3] While Plaintiff alleges "deliberate indifference can be established in regard to medical staff Ramsey," he only seeks damages from "Defendants Taylor, Catatory, Gomez, Palomarez, and Appleton [because their] culpability is manifest in that as administrative staff who are responsible for hiring medical staff and for making sure that medical staff are providing pretrial detainees with appropriate medical care. They failed to ameliorate the substandard medical care that pretrial detainees receive at this institution." (*Id.* at 2). Plaintiff seeks damages against Taylor, Catatory, Gomez, Palomarez, and Appleton for $100,000. (*Id.*).

Plaintiff also claims a due process violation against Defendants Taylor, Gomez, Palomarez, and Montoya for "arbitrarily removing Plaintiff from the MAT (Medically Assisted Treatment) Program and discontinued his suboxone prescription without issuing him an incident report or finding him guilty of an infraction…." (*Id.*). Plaintiff alleges that Defendants Taylor, Gomez, Palomarez, Ramsey, and Montoya "also acted with deliberate indifference by not initiating detox protocol" and failing to provide Plaintiff with any medical treatment to help alleviate the withdrawal symptoms after discontinuing suboxone. (*Id.* at 2-3). Plaintiff seeks $100,000 in compensatory and punitive damages.

Plaintiff next alleges Defendants Taylor, Catatory, Gomez, Saragosa, Garcia, DeWoody, and Appleton violated his Fourteenth Amendment rights by denying him outside recreation, and Plaintiff seeks $100,000 collectively from them for the decline in his mental and physical health. (*Id.* at 3).

\\\

Plaintiff alleges that Defendants Taylor, Catatory, Gomez, Saragosa, Garcia, DeWoody,

---

[3] Plaintiff alleges a lapse of "9 days" from the date of injury to the date he saw a doctor. However, he provided the date of injury as "8.3.25," while the date of the doctor visit as "9.12.25." (ECF No. 11 at 1).

and Appleton violated his right to access the courts, "which includes a significant amount of time to conduct meaningful research with regard to their criminal and civil court proceedings." (*Id.*). "Plaintiff argues that by forcing him to choose between his right to recreation and his right to conduct meaningful research for 9 months, Defendants Taylor, Gomez, Catatory, Saragosa, Garcia, DeWoody, and Appleton violated his constitutional rights under the First and Fourteenth Amendments." (*Id.*). Plaintiff seeks $50,000 collectively in compensatory and punitive damages.

Finally, Plaintiff alleges generally that his right to equal protection under the law has been violated because "conditions of confinement that pretrial detainees are subjected to [at FCI Mendota] are more burdensome than those that convicted inmates who are serving sentences at the same institution…." (*Id.* at 4). Plaintiff lists alleged differences in time out of their cells, outside recreation, access to dayroom, programs, commissary allowance, and law library access between convicted inmates and pretrial detainees. (*Id.*). Plaintiff seeks damages of $100,000 collectively against Defendants Taylor, Catatory, Gomez, Saragosa, Garcia, DeWoody, and Appleton. (*Id.*).

Plaintiff also includes an affidavit that bears his signature, along with signatures of nine other purported pretrial detainees at FCI Mendota. (*Id.* at 5). The affidavit states in part:

> We collectively highlighted the various violations of our constitutional rights that we've experienced since arriving at FCI Mendota.
>
> Since being housed in the pretrial detainee unit at FCI Mendota, we have been denied access to appropriate medical care, both religious and counseling programs, any outside recreation for our 4 months for some detainees and eight months for others. We have been restricted to our cells for over 21 hours for 3-7 months. We've been forced to conduct research on our cases during the 2-3 hours that we are allowed out of our cells. Our visiting privileges are restricted to only immediate family….

(*Id.*).

## III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. Rule 8

Federal Rule of Civil Procedure Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Id.* at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Importantly, the Ninth Circuit has recently observed that so-called "shotgun pleadings" violate Rule 8, of which there are four main types:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th 2026). "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* And the Ninth Circuit has made "clear that district courts do not have to accept such shotgun pleadings." *Id.* at 1289.

Plaintiff's amended complaint fails to comply with Rule 8 because his amended complaint does not include a short and plain statement demonstrating that each named defendant personally participated in the deprivation of his rights. Moreover, Plaintiff's amended complaint is an impermissible "shotgun pleading." Plaintiff's amended complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id*. at 1288. As noted above, Plaintiff names ten defendants and describes at least five separate incidents over a nine-month period.

Additionally, Plaintiff does not specify what each defendant did or failed to do to violate his rights. Rather, he relies on vague statements such as: "These conditions clearly show that convicted inmates enjoy a wide arr[ay] of conditions of confinement that are severely less restrictive than pretrial detainees. Therefore, these conditions of confinement amount to punishment under *Bell v. Wolfish*." (ECF No. 11 at 4).

Moreover, Plaintiff elsewhere refers generally to "several other incidents that resulted in the Plaintiff and other pretrial detainees from receiving appropriate care" but does not describe those incidents and does not identify which defendant took which action to allegedly violate Plaintiff's rights. (*Id.* at 4).

Thus, Plaintiff's amended complaint is subject to dismissal for failure to comply with Rule 8.

**B. Rules 18 and 20**

Plaintiff's amended complaint also violates the Federal Rules of Civil Procedure because it asserts several unrelated claims against unrelated defendants.

Under Federal Rule of Civil Procedure 20(a)(2), multiple parties may be joined in one action as defendants only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). Thus, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff's factual allegations involve many unrelated events at different times and places, spanning a period of nine months. The amended complaint asserts five claims against ten defendants, many of which are based on unrelated conduct. For example, Plaintiff alleges delay in medical care after an injury to his testicles (ECF No. 11 at 1-2), unconstitutional conditions of confinement for denial of outside recreation (*Id.* at 3), discontinuing his suboxone prescription without proper notice (*Id.* at 2), denying him access to the courts and the law library (*Id.*), and unequal treatment between pretrial detainees and convicted inmates at FCI Mendota, including reduced commissary funds and access to prison programs (*Id.* at 4).

These claims are unrelated and cannot be asserted in one lawsuit.

## IV. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 12).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 12). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. Given the stage of these proceedings, the

preclusion of evidence or witnesses is not available.

Further, as noted above, Plaintiff has failed to state a claim or respond to the Court's screening order despite being given the relevant legal standards and the opportunity to file an amended complaint. Thus, the lack of any viable claim supports a dismissal with prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal with prejudice is appropriate.

## V. ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.**

\\\

\\\

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 28, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE